FILED

MAR – 7 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,

     Plaintiff

     v.

Case: 1:08-cv-00408
Assigned To : Roberts, Richard W.
Assign. Date : 3/7/2008
Description: FOIA/Privacy Act

FEDERAL BUREAU OF PRISONS,
as the governing body of the
Federal Prison System,
320 First Street, NW
Washington, D.C. 20534,

     Defendant

J.E. HARRELL, individually
and in his official capacity as
the Administrative Remedy Coordinator
for the Privatization Management Branch
for the Federal Bureau of Prisons,
320 First Street, NW
Washington, D.C. 20534

     Defendant

GEO GROUP, INC.,
One Park Place
621 53rd Street, Suite 700
Boca Raton, Florida 33487,

     Defendant

GEORGE SNYDER, individually and in
his official capacity as Warden of
Rivers Correctional Institution,
145 Parker's Fishery Road,
Winton, NC 27986,

     Defendant

RECEIVED

FEB 1 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

DAVID FARMER, individually and in
his official capacity as Associate
Warden of Programs at Rivers
Correctional Institution,
145 Parker's Fishery Road,
Winton, NC 27986

     Defendant

K. H. JOHNSON, individually and in her
official capacity as Unit Manager of B-Unit
at the Rivers Correctional Institution,
145 Parker's Fishery Road,
Winton, NC 27986

     Defendant

E. HARDY, individually and in her
official capacity as Casemanager of B-Unit
at the Rivers Correctional Institution,
145 Parker's Fishery Road,
Winton, NC 27986

     Defendant

     This is a Civil Action brought under the Privacy Act,
Title 5 U.S.C.A., § 552(e)(5), (g)(1)(C), (g)(4), the
Administrative Procedure Act, Title 5 U.S.C.A., §§ 700-706;
the Fourth & Fifth Amendments to the U.S. Constitution; and
the ACcardi Doctrine, against the above named defendants for
failing to maintain accurate and correct records, and § 552a(d)
and (g)(1)(A), for failing to amend the inaccurate files.
Plaintiff seeks "declaratory and injunctive" relief pursuant
to 28 U.S.C.A. § 2201 & 2202.

     Plaintiff asserts that the defendants, Federal Bureau
of Prisons, J.E. Harrell, the GEO Group, Inc., George Snyder,

David Farmer, K. H. Johnson, and E. Hardy all have used and
are currently using incorrect and information which is in
plaintiff's PSI, on page 10 (See Exhibit A), paragraph 46,
to classify plaintiff as having a "past crime of violence."

Plaintiff asserts that paragraph 46 on page 10 of plaintiff's
PSI is totally incorrect because plaintiff was never arrested
on May 26, 1988 for "Assault on a Federal Officer," and was
never sentenced on November 7, 1988 to five (5) months, eighteen
(18) days (credit for time served) in the U.S. District Court
in Greenville, South Carolina, for the charge of "Assault on
a Federal Officer."  This information is totally inaccurate.

Plaintiff asserts that he had requested from all of the
herein named defendants to correct this inaccurate, incorrect
and erroneous information which is in his PSI, and prison file,
(See Exhibit B) and all have failed, refused and denied all of
plaintiff's request to do so.

Plaintiff asserts that based on this inaccurate, incorrect
and erroneous information that is in his PSI and prison file,
the defendant on January 31, 2008, forced plaintiff to take
a **"DNA"** sample under the "DNA Analysis Backlog Elimination
Act," which violated plaintiff's constitutional rights under
the Fourth & Fifth Amendments to the Constitution.

The Privacy Act requires that each agency keeping a system
of records must maintain tose records with "such accuracy,
relevance, timeliness, and completeness as is reasonably

-3-

necessary" to assure fairness to an individual. 5 U.S.C.
§ 552a(e)(5). If an agency willfully or intentionally fails
to maintain records in such a manner and, as a result, makes
a determination adverse to an individual, it will be liable
to that person for money damages. 5 U.S.C. §§ 552a(g)(1)(C)
and (g)(4).

Plaintiff asserts that this inaccurate, incorrect and
erroneous information has been used adversely against plaintiff
by the herein named defendants when they classified plaintiff
as being convicted of a "qualifying offense" that required
plaintiff to provide a **"DNA Sample"** pursuant to the **"DNA
Analysis Backlog Elimination Act,"** for inclusion in the
"Combined DNA Index System ("CODIS").

Because the challenging information in plaintiff's PSI,
and prison files was capable of being verified, the defendants
named herein did not satisfy the requirements of the Privacy
Act, and therefore, plaintiff has been adversely affected and
is continuously being adversely affected by this inaccurate,
incorrect and erroneous information that remains in his files.

**WHEREFORE,** in light of the aforementioned, plaintiff moves
issue an "Temporary Restraining Order and a Preliminary
Injunction" against these defendants, enjoining them, their
officers, agents and employees from providing plaintiff's DNA
Sample that was taken on January 31, 2008, for inclusion in
the **"Combined DNA Index System ("CODIS");** that this Court

-4-

enters a "**Declaratory Judgment**" against these defendants, declaring that they have "willfully and intentionally failed to maintain accurate and correct records in plaintiff's prison file; that these defendants willfully and intentionally failed to maintain plaintiff's records in accordance with sections (e)(5) and (g)(1)(C) of the Privacy Act, and based on their actions that they are liable for money damages, and that defendants Federal Bureau of Prisons and the GEO Group, Inc., award plaintiff a sum of $2.5 million dollars in punitive damages; and the remaining defendants award plaintiff the sum of $250,000.00 each individually, for punitive damages, past and future sufferings.  Plaintiff further requests this Court to grant him "**Injunctive Relief**" by ordering the herein named defendants to correct this inaccurate, incorrect and erroneous information that is in his prison file, that has been used adversely against him, to classify plaintiff as having a "qualifying offense" for inclusion into the "**Combined DNA Index System ("CODIS").**

Subscribed to and Sworn

Before me on this _14th_

day of _February_____ 2008.

_Rita C. Williams_
Notary Public

Respectfully Submitted,

_Ainsworth C. Jackson_
Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

-5-

<u>**E X H I B I T   A**</u>

JACKSON, Ainsworth C.                                    Page 10

| | | | | | |
|---|---|---|---|---|---|
| 45. | 12/8/87 (Age 35) | Bank Fraud (Ct. 1); Causing an Act to be Done (Ct. 2) Western District of North Carolina Charlotte, NC Dkt. No. C-88-167-1 | 4/11/89: Ct. 1 - 5 years; Ct. 2 - 1 year to be served consecutively to Ct. 1; all terms to run consecutively to current sentences being served | 4A1.1(a) | 3 |

The defendant was represented by an attorney. From June 1987 to July 1987, the defendant used various aliases, opened several corporate bank accounts, and deposited fraudulent checks totalling over $180,000. On February 16, 1989, he was convicted by jury trial. On March 11, 1989, the defendant was sentenced to two consecutive sentences. He was paroled on August 27, 1994. A parole warrant has been lodged as a detainer due to the instant offense.

| | | | | | |
|---|---|---|---|---|---|
| 46. | 5/26/88 (Age 36) | Assault on a Federal Officer U.S. District Court Greenville, SC | 11/7/88: 5 months, 18 days (credit for time served) | 4A1.1(c) | 1 |

The defendant was represented by counsel. Details regarding the offense could not be located. The defendant was sentenced to time served on November 11, 1988.

### Criminal History Computation

47. The defendant has a subtotal of 22 criminal history points.

48. The fact that the defendant committed the instant offense while on parole, warrants a 2-level increase, pursuant to U.S.S.G. § 4A1.1(d). The defendant was paroled on August 26, 1994.

49. The fact that the defendant committed the instant offense less than 2 years after release from imprisonment warrants a 1-level increase, pursuant to U.S.S.G. § 4A1.1(e). The defendant was released on August 26, 1994.

50. The defendant has a total of 25 criminal history points. According to the Sentencing Table (Chapter 5, Part A), 25 criminal history points place the defendant in a criminal history category of VI.

<u>E</u> <u>X</u> <u>H</u> <u>I</u> <u>B</u> <u>I</u> <u>T</u>  <u>B</u>

```
   RIVAR              *        PROGRAM REVIEW REPORT          *      01-24-2008
   PAGE 001                                                         10:19:20

INSTITUTION: RIV  RIVERS CI

NAME.......: JACKSON, AINSWORTH CHARLES                 REG. NO: 19728-101
RESIDENCE..: HYATTSVILLE, MD 20710

TYPE OF REVIEW......: INITIAL CLASSIFICATION/⟨PROGRAM REVIEW⟩
NEXT REVIEW DATE....:    4/08

PROJ. RELEASE DATE..: 12-17-2008          RELEASE METHOD.: MAND REL
PAROLE HEARING DATE.: NONE                HEARING TYPE...: NONE

DATE OF NEXT CUSTODY REVIEW:  12/08       DETAINERS (Y/N): N

CIM STATUS (Y/N)....: N        IF YES, RECONCILED (Y/N): N/A

PENDING CHARGES.....:  None Known

OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)...: Y

   IF YES - CIRCLE ONE - DRUG TRAFFICKING/CURRENT VIOLENCE/⟨PAST VIOLENCE⟩
```

| CATEGORY | - - - - - - - | CURRENT ASSIGNMENT - - - - - - - - | EFF DATE | TIME |
|---|---|---|---|---|
| CMA | CF REMOVAL | COMMON FARE PROGRAM REMOVAL | 02-28-2000 | 1627 |
| CMA | PROG RPT | NEXT PROGRESS REPORT DUE DATE | 12-17-2008 | 1125 |
| CMA | RPP REFUSE | RELEASE PREP PGM REFUSES | 07-13-2007 | 1000 |
| CMA | V94 COA913 | V94 CURR OTHER ON/AFTER 91394 | 05-31-2007 | 0916 |
| CMA | V94 COB913 | V94 CURR OTHER BEFORE 91394 | 10-26-2007 | 1125 |
| CMA | V94 PV | V94 PAST VIOLENCE | 05-31-2007 | 0915 |
| CUS | IN | IN CUSTODY | 05-26-2005 | 1119 |
| DRG | DRG I RQ V | DRG INTRV REQD: VIOLATION | 10-26-2007 | 1125 |
| EDI | ESL HAS | ENGLISH PROFICIENT | 12-18-1991 | 1853 |
| EDI | GED HAS | COMPLETED GED OR HS DIPLOMA | 08-01-1991 | 0912 |
| FRP | COMPL | FINANC RESP-COMPLETED | | |
| LEV | LOW | SECURITY CLASSIFICATION LOW | 07-10-2006 | 1518 |
| MDS | REG DUTY | NO MEDICAL RESTR--REGULAR DUTY | 06-21-2005 | 0900 |
| MDS | YES F/S | CLEARED FOR FOOD SERVICE | 06-21-2005 | 0900 |
| QTR | B01 216L | HOUSE B/RANGE 01/BED 216L | 09-09-2005 | 1122 |
| RLG | JEWISH | JEWISH | 10-26-2007 | 1124 |
| WRK | B1 5P-9PM | POD ORDERLY 5PM-9PM | 06-22-2006 | 1317 |

```
WORK PERFORMANCE RATING:    Satisfactory
```

SIGNATURES:

CHAIRPERSON: _K H Johnson, UM_   INMATE: x _____

DATE: _1/31/08_     DATE: x_1-31-08_

(A) IDENTIFYING DATA
REG NO..: 19728-101                    FORM DATE: 12-13-2007              ORG: RIV
NAME....: JACKSON, AINSWORTH CHARLES

                                           MGTV: NONE
HUB SFTY: NONE                             MVED:

                                   (B) BASE SCORING
DETAINER: (0) NONE                         SEVERITY.......: (3) MODERATE
MOS REL.: 12                               CRIM HIST SCORE: (10) 26 POINTS
ESCAPES.: (0) NONE                         VIOLENCE.......: (2) > 15 YRS SERIOUS
V L SCRE: (0) N/A                          AGE CATEGORY...: (0) 55 AND OVER
EDUC LEV: (0) VERFD HS DEGREE/GED          DRUG/ALC ABUSE.: (0) NEVER/>5 YEARS
                                   (C) CUSTODY SCORING
TIME SERVED.....: (4) 26-75%               PROG PARTICIPAT: (1) AVERAGE
LIVING SKILLS...: (1) AVERAGE              TYPE DISCIP RPT: (5) NONE
FREQ DISCIP RPT.: (3) NONE                 FAMILY/COMMUN..: (3) MINIMAL

                       --- LEVEL AND CUSTODY SUMMARY ---
BASE CUST VARIANCE   SEC TOTAL   SCORED LEV MGMT SEC LEVEL   CUSTODY   CONSIDER
+15  +13     -1         +14         LOW        N/A             IN      DECREASE


G0005          TRANSACTION SUCCESSFULLY COMPLETED - CONTINUE PROCESSING IF DESIRED

Administrative Remedy
Step 2 – Response

Date Filed:        January 14, 2008              Remedy ID No.: 07-329

Inmate Name:       Jackson, Ainsworth Charles    Reg #: 19728-101

This is in response to your Step 2 Administrative Remedy dated January 10, 2008 in which you are requesting that staff correct erroneous information contained in your central file according to Bureau of Prisons policy statement. You specifically identify the erroneous information as having violence greater than 15 years serious. You further state that BOP policy instructs the Unit Team to take reasonable steps to ensure the accuracy of challenged information by notifying the United States Probation Office which was not done.

A review of your central file produced no evidence of erroneous information.

Based on the above information you have failed to provide sufficient evidence to support your claim. Therefore, your request for a Step 2 Administrative Remedy to correct erroneous information is denied.

You have exhausted all of your Administrative Remedies at this level.

_1 - 25 - 08_
Date

G. Snyder, Warden



<div align="right">
**Correctional Programs**
**Administrative Remedies**
</div>

# Rivers Correctional Institution
## Step 2 Administrative Remedy Form
### Paso 1Forma De Remedio Administrativo

| Name:<br>Nombre: Ainsworth C. Jackson | Number:<br>Numero: 19728-101 |
|---|---|
| Date:<br>Fecha: January 10, 2008 | Housing Assignment:<br>Unidad Asignada: B |

*Admin Coordinator*
*JAN 1 4 2008*
*DATE RECEIVED*

## For Official Use Only - Para Uso Oficial Solamente

| Date Rec'd: 01/14/08 | Complaint #: 07-329 | Staff Assigned: | Date Due: 02/22/08 |
|---|---|---|---|

## Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in through investigation (e.g. dates, names, locations, times, etc....) Attach one (1)additional page if necessary.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc....) Agregue una pagina si es necesario.

This is a request under Bureau of Prisons Policy Statement #5800.11, pages 19 & 20, ¶c, the Privacy Act, Title 5 U.S.C. § 552a, to correct the erroneous information which is contained in my "Central File" which states that I have >15 years serious violence (See attached copy of BOP Policy) which instructs the Unit Team Staff to take reasonable steps to ensure the accuracy of this challenged information by notifying the United States Probation Office in the District of Columbia, something that was not done in this case. Since the proper procedures were never followed in my case, the denial of my Step 1 was arbitrary and capricious.

_____
Inmate Signature

PS 5800.11
September 8, 1997
Page 19

(1)  initial review of all current files of the inmate
     population;
(2)  receipt of inmate requests to review files, and the
     monitoring of the inmate review of files; and
(3)  screening of all records and documents in the future as
     they are sent to the Inmate Central File for filing.

Each institution may adopt its own procedures and forms for
submitting and acknowledging requests and for logging and
scheduling Inmate Central File reviews.

b.  <u>Inmate Request and Review</u>.  Any inmate seeking to look at
his/her Inmate Central File shall submit a request to a staff
member, as designated in the local instruction.

- The inmate's request should be acknowledged.
- The inmate should be permitted to review the file whenever
  practicable.
- All file reviews must be done under constant and direct
  staff supervision.
- Those materials which have been determined to be non-
  disclosable shall be removed from the folder before inmate
  review.
- An entry shall be made on the Inmate Activity Record
  (BP-381) to show the date the inmate reviews the file.
  The staff member monitoring the review shall initial the
  entry and the inmate shall be asked to initial it.

c.  <u>Inmate Challenge to Information</u>.  An inmate may challenge
the accuracy of the information in his or her Inmate Central
File.  Unit team staff shall take reasonable steps to
ensure the accuracy of challenged information, particularly when
that information is capable of being verified.  The inmate is
required to provide staff with sufficient information in support
of a challenge (names of persons to contact, government agency,
etc...).

When an inmate provides such information, staff shall review
the alleged error(s) and take reasonable steps to ensure the
information is correct.

For example, if an inmate challenges information in the
Presentence Investigation Report (PSI), staff should inform the
appropriate U.S. Probation Office (USPO) in writing of the
disputed information, and request that a written response also be
provided.  **USPO procedures, however, do not allow for changes or
addendums to be made to the Presentence Investigation Report
after sentencing since it is a court document.**

If the USPO subsequently reports that the challenged
information, or some part thereof is not accurate, staff shall
attach the Bureau's inquiry and the USPO response to the

Administrative Remedy
Step 1 – Response

Date Filed:        December 24, 2007            Remedy ID No.:07-329

Inmate Name:        Ainsworth Charles Jackson        Reg #: 19728-101

This is in response to your Step 1 Administrative Remedy dated December 17, 2007 in which you request to know why you are being classified as having 28 criminal history points and having violence rated serious < 15 years?

In response to your request, your current criminal history points are not 28 and have been verified as being 26. These points are assigned using a point system for each conviction in your criminal history. You have violence rated > 15 years serious rather than < 15 years serious as stated in your complaint. Your violence rating is the result of a conviction in 1988 for Assault on a Federal Officer.

Based on the above information, there is insufficient evidence to support your request. Therefore, your request for a Step 1 Remedy is denied. You are further advised to consult with your Unit Team in these case related issues as they are in the best position to assist you.

If you are not satisfied with this response, you may obtain a Step 2 form from your Counselor. As per RCI policy 12.006, Administrative Remedies, "Step 2 forms will be completed and submitted within five (5) business days of the date the Step 1 response is returned."

1 - 8 - 0 8
_____
Date

_____
David Farmer, AW-P

# Rivers Correctional Institution

Step 1 Administrative Remedy Form
Paso 1 Forma De Remedio Administrativo

Administrative Remedy

**Admin Coordinator
DEC 2 4 2007
DATE RECEIVED**

| Name: Nombre: | Ainsworth Jackson | Number: Numero: | 19728-101 |
|---|---|---|---|
| Date: Fecha: | December 17, 2007 | Housing Assignment: Unidad Asignada: | B-1 216L |

## For Official Use Only - Para Uso Oficial Solamente

| Date Received: 12/24/07 | Remedy #: 07-329 | Date Due: 01/23/08 |
|---|---|---|

## Complaint - Reclamo

Describe your complaint in the section below. Be as concise as possible, but be sure to include enough identifying data to assist in a through investigation (e.g. dates, names, locations, times, etc...) Attach one (1) additional page if necessary and the Informal Resolution Form with any other supporting documentation.

Describa su telaino en la seccion de abajo. Dea lo mas breve posible, pero asegurese de incluir suficiente informacion para asistir en una completa investigacion (pe.. Fechas, nombres, ubicaciones, tiempos, etc...) Agregue una pagina si es necesario.

I am requesting to know why I am being classified as having 28 Criminal history points and having "Violence" on my record rated serious, 15 years <?

_(signature)_
Inmate Signature

B-007-158

Obra
12/12/07

C.L. Vann, Counselor, B-Unit

1.   Write in this space, briefly, your complaint. Include all details and facts which support your request.

I would like to know why I am being classified as having past violence on my record.  The charge which is being used to grade me is a misdemeanor (See page 10 of my PSI, attached) which shows that I was given only one (1) point for this particular offense, which in accordance to the U.S. Sentencing Guideline Manual, all felonies are given three (3) points, and all misdemeanors are given only one (1) point.  Furthermore, my BP-338 shows that I have 28 "Criminal History Points.  I would like to know how I was classified as having 28 "criminal history points, where back in 1996, when my last PSI was done, I was scored with 25 "criminal history points, and since it has

2.   What action do you wish to be taken to correct the situation?

I would like this inaccurate and incorrect classification corrected pursuant to BOP Policy Statement #5800.11, pages 19 & 20, ¶c.

| | | | |
|---|---|---|---|
| Ainsworth Jackson | 19728-101 | B1 216L | 12-12-07 |
| Inmate Name/Signature | Register # | Unit/Bed | Date |

3.   State, clearly, staff efforts to resolve the matter informally. Be specific, but brief and provide to inmate.  Spoke w/ RCI staff: Your notifiable Offence is "assault on a federal officer." You were Re-scored on 12-13-07. ~~You were scored~~ either your new ~~set~~ scored points is a 26. You may obtain a copy of this from your case mgr.

*************************************************************************

The Informal Resolution Was (Was Not) (circle one) accomplished for the above noted reason.

| | | | |
|---|---|---|---|
| x Ainsworth Jackson | 12/14/07 | C.L. Vann | 12/14/07 |
| Inmate Signature | Date | Counselor Signature | Date |

## INFORMAL RESOLUTION PAGE 2

been over fifteen years for any of the felonies, and ten years
for all misdemeanors, I shouldn't have any "Criminal History
Points."

## Rivers Correctional Institution

Date:           May 31, 2007

To:             Ainsworth Jackson
                Register #: 19728-101


This is in response to your Inmate Request to Staff dated May 21, 2007, in which you
state that you were classified erroneously by your Unit Team on May 16, 2007. You
state that the Unit Team determined that you fit the criteria for notification under 18
U.S.C 4042(b) and for DNA collection. You have requested that this be corrected by
your Unit Team because you clearly do not fit the criteria according to PS 5110.15 and
18 U. S. C 4042(b).

An investigation of this matter resulted in adding the past violence Sentry assignment
for your prior conviction of Assault on a Federal Officer in 1998 in the U.S. District
Court in Greenville, South Carolina. This offense is not identified as a felony or
misdemeanor in your records; therefore, affording the unit management staff to use
their best judgment in regard to notification as stated in PS 5110.15. The Unit Team
concurs that notification under 18 U.S.C 4042(b) will apply in your case. You are
subject to DNA Sample Collection due to your conviction of Interstate Transportation
of Securities Taken By Fraud, which is a qualifying offense of a 3559 VCCLEA Non-
violent Sentence.

As determined by your Unit Team, you are subject to notifications under 18 U.S.C
4042(b) and DNA Sample Collection. The addition of the past violence code will be
reflected on your next scheduled Program Review Report. Should you have any
further concerns regarding this matter, please address them to your Unit Team, as they
are in the best position to address these type of concerns.


_____                    _____
        Date                                   George Snyder
                                                  Warden

Administrative Remedy
Step 1 – Response

Date Filed:        06-12-2007              Remedy ID No.:    07-127

Inmate Name:    Jackson, Ainsworth Charles        Reg #: 19728-101

This is in response to your Step 1 Administrative Remedy dated June 5, 2007 in which you
state that you are appealing the decision of the Unit Team to classify you as having a Past
Crime of Violence.

An investigation of this matter revealed that the Past Violence Sentry assignment is for
your prior conviction of Assault On A Federal Officer in 1988 in the U.S. District Court in
Greenville, South Carolina. This offense is not identified as a felony or misdemeanor in
your records, therefore, affording the unit management staff to use their best judgement
in regard to notification as stated in PS 5110.15. The Unit Team concurs that notification
under 18 U.S.C. 4042(b) will apply in your case.

As determined by your Unit Team, you are classified appropriately. Therefore your request
for Administrative Remedy is denied.

If you are not satisfied with this response, you may obtain a Step 2 form from your
Counselor.  As per RCI policy 12.006, Administrative Remedies, "Step 2 forms must be
completed and submitted within five (5) days of the date of the Step 1 response".

6-13-07
Date

David Farmer, AW-P

REJECTION NOTICE - ADMINISTRATIVE REMEDY

DATE: ~~SEPTEMBER 26,~~ 2007    *October 4*



FROM: ADMINISTRATIVE REMEDY COORDINATOR
      PRIVATIZATION MGT. BRANCH

TO  : AINSWORTH CHARLES JACKSON, 19728-101
      RIVERS CI    UNT: B    QTR: B01-216L
      P.O. BOX 840
      WINTON, NC 27986


FOR THE REASONS LISTED BELOW, THIS REGIONAL APPEAL
IS BEING REJECTED AND RETURNED TO YOU. YOU SHOULD INCLUDE A COPY
**OF THIS NOTICE WITH ANY FUTURE CORRESPONDENCE REGARDING THE REJECTION.**


REMEDY ID      : 467760-R1      REGIONAL APPEAL
DATE RECEIVED  : SEPTEMBER 24, 2007
SUBJECT 1      : CLASSIFICATION/PROGRAM REVIEWS
SUBJECT 2      :
INCIDENT RPT NO:

REJECT REASON 1: YOU MUST FIRST FILE A BP-9 REQUEST THROUGH THE INSTITUTION
                 FOR THE WARDEN'S REVIEW AND RESPONSE BEFORE FILING AN APPEAL
                 AT THIS LEVEL.

REJECT REASON 2: YOU MAY RESUBMIT YOUR APPEAL IN PROPER FORM WITHIN
                 15 DAYS OF THE DATE OF THIS REJECTION NOTICE.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

I certify that the following person  *Annruth Jackson*    # 19728-101

Signature ( )                          Register Number

personally appeared before me this day and received the attached document.


10/10/07                      *A. Alexander*, Case Manager, Unit B
Date                          Witness Signature, Title - Housing Unit


(Please forward this sheet to the Warden's Office upon completion. As always, thank you for your assistance).

October 15, 2007

Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

J.E. Harrell,
Administrative Remedy Coordinator
Privatization MGT. Branch
Federal Bureau of Prisons
320 First Street, NW
Washington, D.C. 20534

RE:  Administrative Remedy #467760-R1

Dear J.E. Harrell:

     I am resubmitting my "Rejected Administrative Appeal"
and have enclosed what is called a BP-9 here at Rivers
Correctional Institution.  It was my understanding that all
classification issues" are solely handled by the Bureau of
Prisons, if this is incorrect, please inform me of this because
you have persistently rejected issues that the Bureau of Prisons
is exclusively responsible for handling.

Sincerely,

Ainsworth C. Jackson

Enclosures:

E X H I B I T   C

*DISTRICT OF COLUMBIA SENTENCED FELON - Phase II - STATEMENT OF WORK*
*Request for Proposal PCC-0004*

1    G.  Case Records

2    All inmate files (e.g., central files, medical files and judgment
3    and commitment files) are to be prepared, maintained, retired and
4    disposed of in accordance with the BOP format.  Policy and
5    procedures shall be developed to ensure the confidentiality and
6    security of all inmate files (e.g., judgment and commitment
7    files, central files, U.S. Parole Commission mini-files) in
8    accordance with P.S. 5800.07, <u>Inmate Systems Management Manual</u>,
9    P.S. 5800.11, <u>Central File, Privacy Folder and Parole Mini-Files)</u>
10   and in accordance with all applicable Federal provisions (e.g., 5
11   U.S.C. 552 and 552a).

12   The contractor shall interact with other agencies to satisfy
13   outstanding inmate obligations including, but not limited to:  1)
14   processing of Federal and state writs; 2) administration of the
15   Interstate Agreement on detainers; 3) detainer inquiries; 4)
16   lodging and removal of detainers; and 5) coordination of
17   transfer/inmate movement in and out of the institution in
18   accordance with P.S. 5800.07, <u>Inmate Systems Management Manual</u>,
19   Chapter 8; P.S. 5130.05, <u>Detainers and the Interstate Agreement</u>
20   <u>on Detainers</u>; P.S. 5875.08, <u>Transfers of Inmates to State Agents</u>
21   <u>for Production on State Writs</u>; and, P.S. 5800.08, <u>Receiving and</u>
     <u>Discharge Manual</u>.

23   The contractor shall:  1) maintain inmate judgment and commitment
24   files; 2) maintain file accountability and security; 3) respond
25   to inmate inquiries; 4) respond to outside requests for
26   information; 5) verify release methods and dates prior to an
27   inmate's release; and other related functions.

28   The contractor shall comply with the Privacy Act of 1974,
29   (5 U.S.C. 552a) and 28 CFR, Parts 16 and 513.

30   No inmate shall be admitted to, or released from, institution
31   custody without prior BOP approval.

32   H.  Information Systems and Research

33   The BOP's Information System environment includes mainframe,
34   local area network (LAN) and wide area network (WAN) components.

35   The BOP's mainframe software environment exists in an internally-

I
08
RWR

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

Ainsworth C. Jackson

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF 88888
(EXCEPT IN U.S. PLAINTIFF CASES)

PRO SE (PP)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
# 19728-101

## DEFENDANTS

BOP, et al.,

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE

Case: 1:08-cv-00408
Assigned To : Roberts, Richard W.
Assign. Date : 3/7/2008
Description: FOIA/Privacy Act

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government
   Plaintiff

☐ 3 Federal Question
   (U.S. Government Not a Party)

☒ 2 U.S. Government
   Defendant

☐ 4 Diversity
   (Indicate Citizenship of Parties
   in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV.  CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ☐ A.  Antitrust

☐ 410 Antitrust

### ☐ B.  Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ☐ C.  Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ☐ D.  Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ☐ E.  General Civil (Other) OR ☐ F.  Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☒ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

14-

| □ G. *Habeas Corpus/ 2255*<br><br>□ 530 Habeas Corpus-General<br>□ 510 Motion/Vacate Sentence | □ H. *Employment Discrimination*<br><br>□ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☑ I. *FOIA/PRIVACY ACT*<br><br>□ 895 Freedom of Information Act<br>□ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | □ J. *Student Loan*<br><br>□ 152 Recovery of Defaulted Student Loans (excluding veterans) |
|---|---|---|---|
| □ K. *Labor/ERISA (non-employment)*<br><br>□ 710 Fair Labor Standards Act<br>□ 720 Labor/Mgmt. Relations<br>□ 730 Labor/Mgmt. Reporting & Disclosure Act<br>□ 740 Labor Railway Act<br>□ 790 Other Labor Litigation<br>□ 791 Empl. Ret. Inc. Security Act | □ L. *Other Civil Rights (non-employment)*<br><br>□ 441 Voting (if not Voting Rights Act)<br>□ 443 Housing/Accommodations<br>□ 444 Welfare<br>□ 440 Other Civil Rights<br>□ 445 American w/Disabilities-Employment<br>□ 446 Americans w/Disabilities-Other | □ M. *Contract*<br><br>□ 110 Insurance<br>□ 120 Marine<br>□ 130 Miller Act<br>□ 140 Negotiable Instrument<br>□ 150 Recovery of Overpayment & Enforcement of Judgment<br>□ 153 Recovery of Overpayment of Veteran's Benefits<br>□ 160 Stockholder's Suits<br>□ 190 Other Contracts<br>□ 195 Contract Product Liability<br>□ 196 Franchise | □ N. *Three-Judge Court*<br><br>□ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

☑ 1 Original Proceeding   □ 2 Removed from State Court   □ 3 Remanded from Appellate Court   □ 4 Reinstated or Reopened   □ 5 Transferred from another district (specify)   □ Multi district Litigation   □ 7Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

5 USC 552 (FOIA)

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS □ ACTION UNDER F.R.C.P. 23   **DEMAND $** 0   Check YES only if demanded in complaint **JURY DEMAND:** □ YES ☑ NO

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   ☑ YES □ NO   If yes, please complete related case form.

DATE 3/7/08   SIGNATURE OF ATTORNEY OF RECORD   NCB

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The **JS-44** civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.  RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

N:\forms\js-44.wpd