```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,          )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civ. No. 08-00408 RWR
                               )
FEDERAL BUREAU OF              )
PRISONS, et al.,               )
                               )
          Defendants.          )
```

### DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, defendant the Federal Bureau of Prisons hereby moves to dismiss the complaint or, in the alternative, for summary judgment because (a) there is no waiver of sovereign immunity on the part of the United States, other than the Privacy Act, that permits relief for plaintiff's claims, (b) the complaint fails to state a claim upon which relief can be granted under the Privacy Act, (c) the recently added claim of conspiracy is too conclusory to state a claim upon which relief be granted, and (d) the complaint does not allege a constitutional violation upon which relief can be granted.  It follows that the complaint should be dismissed.

If the Court decides to treat this motion as one for summary judgment, plaintiff should take notice that any factual assertions contained in the motion will be accepted by the Court as true unless plaintiff submits his own declarations or other documentary evidence contradicting the assertions made by the

defendant.  See Neal v. Kelly, 963 F.2d 453, 457 (D.C. Cir. 1992), Local Civil Rule 7.1(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

        Respectfully submitted,

        JEFFREY A. TAYLOR, D.C. Bar #498610
        United States Attorney

        RUDOLPH CONTRERAS, D.C. Bar #434122
        Assistant United States Attorney
            /s/
        FRED E. HAYNES,  D.C. Bar #165654
        Assistant United States Attorney
        555 Fourth Street, N.W., Rm. E-4110
        Washington, D.C.  20530
        (202) 514-7201

```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,        )
                             )
          Plaintiff,         )
                             )
     v.                      )   Civ. No. 08-00408 RWR
                             )
FEDERAL BUREAU OF            )
PRISONS, et al.,             )
                             )
          Defendants.        )
```

THE FEDERAL BUREAU OF PRISON'S STATEMENT OF MATERIAL
<u>FACTS AS TO WHICH THERE IS NO GENUINE ISSUE</u>

The Federal Bureau of Prisons respectfully submits, in accordance with LCvR 56.1, the following statement of material facts as to which there is no genuine issue to be tried.

1.  The complaint and the first amended complaint state that plaintiff was required to provide the DNA sample on January 31, 2008. Complaint, docket entry ("R") 1; first amended complaint, R. 14.

2.  The attachments to the original complaint establish that the administrative remedies filed by plaintiff in connection with the DNA sampling issue were filed in 2007-08.  R. 1

3.  The first amended complaint references a time period from 2005-2008.  R. 14, at 2-3.

4.  As a law enforcement agency, the BOP may be exempted from certain provisions of the Privacy Act.  <u>See</u> 5 U.S.C. § 552a (j)(2).

5.  In 1987, the Department of Justice published a regulation exempting the BOP from the amendment provision of the

Privacy Act, 5 U.S.C. §552a(d)(2).  <u>See</u> 28 C.F.R. § 16.85 (1987).

    6.   In 2002, the Department of Justice published a regulation exempting certain types of the BOP's record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). <u>See</u> 28 C.F.R. § 16.97.

    7.   Among the record systems newly exempted was the BOP's Inmate Central Records System.  <u>Id.</u>

    8.   A prisoner's pre-sentence investigation report ("PSI") is maintained in the Inmate Central Records System.  Judicial notice, http://www.bop.gov/policy/progstat /5800_011.pdf, at 5.

    9.   The record (his PSI) that plaintiff asserts is inaccurate and has caused an adverse decision to be made as to him is exempt from the accuracy and amendment provisions of the Privacy Act.  Paragraphs 5 through 8 above.

    10.  Paintiff was subject to DNA sample collection based on his conviction for the interstate transportation of securities taken by fraud, a qualifying offense for DNA collection.  <u>See</u> attachment to the original complaint, R. 1 (May 31, 2007, memorandum from the Rivers Correctional Institution's Warden to plaintiff).

    11.  Consequently, the allegedly erroneous information in the PSI did not cause the collection of plaintiff's DNA sample.

Id.

                Respectfully submitted,

                JEFFREY A. TAYLOR, D.C. Bar #498610
                United States Attorney

                RUDOLPH CONTRERAS, D.C. Bar #434122
                Assistant United States Attorney
                      /s/
                FRED E. HAYNES, DC Bar #165654
                Assistant United States Attorney
                555 4th Street, N.W.
                Washington, D.C. 20530
                202.514.7201

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
AINSWORTH C. JACKSON,         )
                              )
          Plaintiff,          )
                              )
     v.                       )  Civ. No. 08-00408 RWR
                              )
FEDERAL BUREAU OF             )
PRISONS, et al.,              )
                              )
          Defendants.         )
```

MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF THE MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Plaintiff, a prisoner in one of the Federal Bureau of Prison's ("BOP's") privately-managed correctional facilities, has sued the BOP; an alleged employee of BOP (J. E. Harrell); the corporation operating the facility where plaintiff is imprisoned (Geo Group, Inc.); and four employees of the corporation. The BOP employee cited in the complaint died in 2000, long before the events at issue in this case. <u>See</u> the Suggestion of Death filed simultaneously with this memorandum, and the docket of this Court, which shows that the summons issued for Mr. Harrell was returned unexecuted, R. 7. As to the BOP, the complaint and the first amended complaint[1] should be dismissed because (a) there is no waiver of sovereign immunity on the part of the United States, other than the Privacy Act, that permits relief for plaintiff's

---

[1] The second amended complaint, R. 17, can only be filed with leave of court, since the defendants have consented to its filing. F.R.Civ.P. 15(a). It is also unclear whether the second amended complaint is intended to be a stand-alone document or an addition to previously filed complaints.

claims, (b) the complaint fails to state a claim upon which relief can be granted under the Privacy Act, (c) the recently added claim of conspiracy, R. 14, is too conclusory to state a claim upon which relief can be granted, and (d) the complaint does not allege a constitutional violation upon which relief can be granted.

## Background

The complaint and the first amended complaint state that they are being brought under the Privacy Act, the Administrative Procedure Act, the Fourth and Fifth Amendments of the Constitution, and the Accardi doctrine (which requires that a government agency follow its own regulations, see United States International Trade Commission v. ASAT, Inc., 411 F.3d 245, 277-78 (D.C. Cir. 2005)).  The first amended complaint, R. 14, adds a claim of a conspiracy in violation of 42 U.S.C. § 1985.

Plaintiff asserts that the defendants, in making the decision to require him to submit to DNA testing, relied on incorrect information in his pre-sentence investigation report ("PSI")(that he had been convicted of assault on a federal officer in 1988).  R. 1 at 3; R. 14 at 2-3.  The complaint and amended complaint also state that plaintiff was required to provide the DNA sample on January 31, 2008. Id.  The attachments to the original complaint establish that the administrative remedies filed by plaintiff in connection with the DNA sampling

issue were filed in 2007-08.  Id.  The amended complaint references a time period from 2005-2008.  R. 14 at 2-3.

## Argument

A. <u>There is no applicable waiver of sovereign immunity other than the Privacy Act.</u>  Sovereign immunity bars all suits against the United States except those suits permitted by the explicit terms of a statutory waiver of that immunity.  <u>Lane v. Pena</u>, 518 U.S. 187, 192 (1996).  The complaint and the amended complaint state that they are being brought under the Privacy Act, the Administrative Procedure Act, the Fourth and Fifth Amendments to the Constitution, and the Accardi doctrine.  The complaint also seeks declarative relief.

The Administrative Procedure Act, a common waiver of sovereign immunity, does not apply to decisions made by the BOP in connection with the imprisonment of an individual.  18 U.S.C. § 3625 ("The provisions of sections 554 and 555 and 701 through 706 of title 5, United States Code, do not apply to the making of any determination, decision, or order under this subchapter [Subchapter C – Imprisonment]."); <u>Martin v. Gerlinski</u>, 133 F.3d 1076 (8th Cir. 1998) (BOP's rules and regulations are reviewable under the Administrative Procedure Act but not the agency's adjudicative decisions).  And there is no waiver of sovereign immunity that permits an action against a government agency, as opposed to its employees, for constitutional violations.  <u>Correctional</u>

-3-

Services Corp. V. Maleska, 534 U.S. 61, 69-70 (2001).

The cause of action added by the first amended complaint – that BOP conspired with the defendants at the Rivers Correctional Institution in violation of 42 U.S.C. § 1985(3)- does not advance plaintiff's case: § 1985 does not waive the federal government's sovereign immunity.  Roum v. Bush, 461 F.Supp.2d 40, 46 (D.D.C. 2006) (this decision also notes another problem that is equally applicable here: that the complaint does not state a claim upon which relief can be granted under § 1985, since it does not allege that the defendants were motivated by racial animus or acted upon some other prohibited basis).

The Declaratory Judgment Act merely creates a remedy; it is not a waiver of sovereign immunity as to the United States. Balistieri v. United States, 303 F.2d 617 (7th Cir. 1962); Tashimi v. Administrative Office of the United States Courts, 719 F.Supp. 881, 887, affirmed 967 F.2d 1264 (9th Cir. 1989).  And the Accardi doctrine is a legal principle, not a waiver of sovereign immunity.

B. The Privacy Act does not apply to plaintiff's pre-sentence investigation report.  The Privacy Act requires, inter alia, that federal agencies maintain their records "with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5); Sellers v. Bureau of Prisons, 959 F.2d

-4-

307, 312 (D.C. Cir. 1992). The Privacy Act provides both administrative and civil remedies for violations of its provisions. Under § 552a(d)(2), for instance, an individual may request that an agency administratively amend records he claims are inaccurate. Under § 552a(g)(1)(C), an individual may bring a civil action if an agency's failure to maintain accurate records results in a determination adverse to him, but may collect damages under § 552a(g)(4) only if the agency's conduct was willful or intentional. Sellers, 959 F.2d at 312. Injunctive relief is not available. Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997).

As a law enforcement agency, the BOP may be exempted from certain provisions of the Privacy Act. See 5 U.S.C. § 552a (j)(2). In 1987, the Department of Justice published a regulation exempting the BOP from the amendment provision of the Privacy Act, 5 U.S.C. §552a(d)(2). See 28 C.F.R. § 16.85 (1987); Risley v. Hawk, 108 F.3d 1396, 1397 (D.C. Cir. 1997). Courts in this Circuit, however, held that because the BOP had not been exempted from the accuracy provision of the Privacy Act, the BOP remained subject to civil actions under subsection (g)(1)(C) of the Act. See Sellers, 959 F.2d at 309 (allowing civil action against BOP because "regulations governing the BOP and U.S. Parole Commission do not exempt those agencies' records from section (e)(5) of the Act"); see also Deters v. U.S. Parole

-5-

Comm'n, 85 F.3d 655, 657 (D.C. Cir. 1996) ("Subsection (g)(1)(C) provides a civil remedy if an agency fails to satisfy the standard in subsection (e)(5)").

In 2002, the Department of Justice published a regulation exempting certain types of the BOP's record systems from the accuracy provision of the Privacy Act, § 552a(e)(5). See 28 C.F.R. § 16.97. Among the record systems newly exempted was the BOP's Inmate Central Records System. A prisoner's pre-sentence investigation report is maintained in the inmate central records system. Judicial notice, http://www.bop.gov/policy/progstat/5800_011.pdf, at 5 (Program Statement 5800.11)

Since the record that plaintiff asserts is inaccurate and has caused an adverse decision to be made as to him is exempt from the accuracy and remedial provisions of the Privacy Act, it follows that plaintiff's Privacy Act claim should be dismissed for failure to state a claim upon which relief can be granted. Martinez v. Bureau of Prisons, 444 F.3d 620, 624 (D.C. Cir. 2006).

C. The allegation of conspiracy fails to state a claim upon which relief can be granted. Even if plaintiff could find an applicable waiver of sovereign immunity, which he cannot, the conspiracy claim recently added in the first amended complaint is too conclusory to satisfy the pleading requirements of the Federal Rules of Civil Procedure. It is nothing more than a bald

-6-

assertion that there was a conspiracy.  See Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [citations omitted], a plaintiff's obligation to provide the grounds of his "entitlement to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, [citation omitted].").

D. The complaint fails to state a constitutional violation.

 Plaintiff asserts that his constitutional rights were violated when, based on allegedly inaccurate material in his PSI, he was required to provide a DNA sample.  This assertion fails on two grounds.  First, as one of the attachments to the original complaint shows, plaintiff was subject to DNA sample collection based on his conviction for the interstate transportation of securities taken by fraud, a qualifying offense for DNA collection.  R. 1, attachment to the original complaint (May 31, 2007, memorandum from the Rivers Correctional Institution's Warden to plaintiff). Consequently, the allegedly erroneous information in the PSI did not cause the collection of his DNA sample.  Second, the collection of DNA under the DNA Analysis Backlog Elimination Act of 2000 has repeatedly been found to be constitutional.  See United States v. Weikert, 504 F.3d 1 (1st Cir. 2007)(cases collected at 8-9).

-7-

<u>Conclusion</u>

For the reasons set forth above, this case should be dismissed with prejudice.

```
                    Respectfully submitted,

                    JEFFREY A. TAYLOR, D.C. Bar #498610
                    United States Attorney

                    RUDOLPH CONTRERAS, D.C. Bar #434122
                    Assistant United States Attorney
                            /s/
                    FRED E. HAYNES,  D.C. Bar #165654
                    Assistant United States Attorney
                    555 Fourth Street, N.W., Rm. E-4110
                    Washington, D.C.  20530
                    (202) 514-7201
```

```
                  UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,         )
                              )
            Plaintiff,        )
                              )
       v.                     )    Civ. No. 08-00408 RWR
                              )
FEDERAL BUREAU OF             )
PRISONS, et al.,              )
                              )
            Defendants.       )
```

### ORDER

Upon consideration of the motion to dismiss or, in the alternative, for summary judgment filed by the Federal Bureau of Prisons, and the entire record of this case, it is hereby

ORDERED that this case is dismissed with prejudice as to the Federal Bureau of Prisons.  This is a final, appealable order.

                                        UNITED STATES DISTRICT JUDGE

Copies to the pro se plaintiff
and to counsel for the defendants

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 2d day of June, 2008, a copy of the foregoing motion to dismiss or, in the alternative, for summary judgment was served by first-class mail, postage prepaid, on:

>	Mr. Ainsworth C. Jackson
>	Reg. No. 19728-101
>	Rivers Correctional Institution
>	P.O. Box 630
>	Winton, NC 27986

>					/s/
>	FRED E. HAYNES, D.C. Bar #165654
>	Assistant United States Attorney
>	555 Fourth Street, N.W., Rm. E-4110
>	Washington, D.C.  20530
>	(202) 514-7201