IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AINSWORTH C. JACKSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) )  Case No. 1:08-cv-00408 |
| FEDERAL BUREAU OF PRISONS., *et al.*, | ) ) ) ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF DEFENDANTS GEO GROUP, INC., GEORGE SNYDER, DAVID FARMER, K. H. JOHNSON AND E. HARDY'S MOTION TO DISMISS**

GEO and the Rivers Defendants (collectively "GEO Defendants") by and through counsel, reply in support of their motion to dismiss as follows:

**I.  THE COURT SHOULD DEEM GEO DEFENDANTS' MOTION TO DISMISS FOR IMPROPER VENUE AS CONCEDED BECAUSE PLAINTIFF HAS NOT CHALLENGED THIS PORTION OF DEFENDANTS' MOTION**

Jackson's Response[1] does not address the GEO Defendants' Motion to dismiss based upon improper venue. Local Rule 7(b) specifies that in the event a party does not respond to a motion, the Court may deem the motion as conceded. Thus, based upon Jackson's failure to respond to the GEO Defendants' Motion to Dismiss based upon improper venue, the Court should deem the motion conceded and dismiss Jackson's Complaint against the GEO Defendants for improper venue.

---

[1] GEO Defendants filed their Motion to Dismiss and Memorandum of Points and Authorities on April 16, 2008. Local Rule 7(b) requires that opposing memorandum be filed within 11 days of service of the supporting memoranda. Plaintiff's opposing memorandum was not filed until May 27, 2008 and should be disregarded because of the late filing.

## II. PLAINTIFF FAILED TO DEMONSTRATE THAT THIS COURT HAS SPECIFIC JURISDICTION OVER GEO

### A. PLAINTIFF'S ARGUMENT IGNORES THE GOVERNMENT CONTRACTS EXCEPTION TO THE DISTRICT OF COLUMBIA'S LONG ARM STATUTE

Jackson's Memorandum in Opposition argues that GEO transacts business in the District of Columbia due to its interactions with the Federal Bureau of Prisons. However – as explained in more detail in the GEO Defendants' Memorandum in Support – the government contacts exception to the District of Columbia's long-arm statute precludes consideration of these contacts in a jurisdictional analysis. (GEO Defendants' Mem. In Support at 6-7).Absent GEO's contacts with the federal government, Jackson cannot establish that the District of Columbia's long-arm statute allows this Court to exercise jurisdiction over GEO.

While the scope of the government contacts exception has been the subject of much discussion in the courts, the government contract exception precludes consideration of *any* contacts with a federal agency in a jurisdictional analysis. *Environmental Research International, Inc. v. Lockwood Greene Engineers, Inc.*, 355 A.2d 808, 813 (D.C. 1976) (en banc); *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 785 (D.C. Cir. 1984). Therefore, the contacts outlined in Jackson's Response brief, which all relate to contact with the BOP cannot be considered in the jurisdictional analysis. Thus, this Court should grant the GEO Defendants' Motion to Dismiss because Jackson cannot establish that the District of Columbia's long-arm statute provides jurisdiction over the GEO Defendants.

### B. PLAINTIFF CANNOT DEMONSTRATE THAT HIS CLAIM FOR RELIEF ARISES OUT OF THE BUSINESS ALLEGEDLY TRANSACTED BY GEO IN THE DISTRICT OF COLUMBIA

In addition to demonstrating that a defendant has transacted business in the District of Columbia, the District's long-arm statute requires that "only a claim for relief arising from the

acts enumerated in [the long-arm statute] may be asserted against him" § 13-423(b). Therefore, in order to satisfy the provisions of the long-arm statute, Jackson must demonstrate that his claim for relief arises out of the business allegedly transacted by GEO in the District of Columbia.

### 1. JACKSON FAILED TO ESTABLISH THAT HIS CLAIMS ARISE OUT OF GEO'S CONTRACT WITH THE BOP.

Jackson alleges that GEO transacts business in the District of Columbia as a result of its contract with the BOP. However, Jackson fails to demonstrate how his claims of a violation of his Fourth and Fifth Amendment rights arises out of this contract. Thus, Jackson cannot establish personal jurisdiction over GEO as a result of the Rivers Contract.

In *Savage v. Bioport*, 460 F. Supp. 2d 55 (D. D.C. 2006), the plaintiff, who was seeking damages for injuries sustained as a result of a vaccination, alleged that the defendant transacted business in the District of Columbia through contracts with the Department of Defense. *Id.* at 57-58. Finding that the plaintiff failed to demonstrate that his injury arose out of the contract, the court stated, "Savage has not brought a breach of contract claim, nor is he a party to the contracts between BioPort and DoD. The contracts are not the alleged source of Savage's injury; instead he maintains that he harm was a result of wrongdoing by BioPort in the production of AVA, which was performed in Michigan." *Id.* at 62.

Similarly, Jackson has not brought a breach of contract claim and he is not a party to the Rivers Contract. The Rivers Contract is not the source of his alleged injury, but instead, the alleged injury occurred when he was required to provide a DNA sample at the Rivers Correctional Institution in Winton, North Carolina. (Compl. at 3.) Therefore, the alleged injury does not arise out of business allegedly transacted in the District of Columbia. Thus, the Rivers

3

Contract cannot form the basis for this Court's exercise of personal jurisdiction over GEO. *See id.* at 62; *Gowens v. Dyncorp*, 132 F. Supp. 2d 38, 42 (D. D.C. 2001).

> 2. JACKSON FAILED TO ESTABLISH THAT HIS CLAIMS ARISE OUT OF ANY OTHER BUSINESS ALLEGEDLY TRANSACTED IN THE DISTRICT OF COLUMBIA.

Jackson identifies a variety of other ways in which he alleges GEO transacts business in the district of Columbia: (1) the Rivers Contract is governed by District of Columbia law; (2) employment applications must be submitted to the BOP for approval; (3) GEO must receive BOP permission before admitting or releasing inmates to Rivers; (4) GEO must use the BOP's SENTRY system; (5) GEO must participate in any research task pursued by the BOP in the District of Columbia; (6) GEO must provide the BOP with information regarding moneys collected from collect telephone calls; (7) GEO transports inmates to and from the District of Columbia; and (8) GEO maintains a registered agent in the District of Columbia. (Jackson's Mem. In Opp. at 7-12.). Without debating the veracity of these claims, Jackson has failed to demonstrate how the alleged Fourth and Fifth Amendment violations arose out of any of these activities. These activities cannot form the basis of an exercise of jurisdiction pursuant to the District of Columbia's long-arm statute. Thus, GEO Defendant's Motion to Dismiss should be granted.

III. **PLAINTIFF FAILED TO DEMONSTRATE THAT THIS COURT HAS SPECIFIC JURISDICTION OVER THE RIVERS DEFENDANTS**

This Court cannot exercise jurisdiction over the the Rivers Defendants' simply because they are agents of GEO. A plaintiff seeking to establish jurisdiction in the District of Columbia over employees of a foreign corporation or the federal government must demonstrate that the employee has his or her own contacts with the District of Columbia that satisfy the long arm-

statute and due process; status as employee or agent is insufficient. *Ali v. District of Columbia*, 278 F.3d 1, 7 (D.C. Cir. 2002); *Simpson v. Federal Bureau of Prisons*, 496 F. Supp. 2d 187, 192 (D. D.C. 2007); *Richards v. Duke University*, 480 F. Supp. 2d 222, 230 (D. D.C. 2007); *Zakiya v. United States of America*, 267 F. Supp. 2d 47, 53-54 (D. D.C. 2003); *Ross v. Product Development Corp.*, 736 F. Supp. 285, 291 (D. D.C. 1989) Therefore, Jackson must establish an independent basis for jurisdiction over the Rivers Defendants, which he has failed to do. Thus, the Rivers' Defendants Motion to Dismiss should be granted.

**IV.    PLAINTIFF FAILED TO DEMONSTRATE THAT THIS COURT HAS GENERAL JURISDICTION OVER GEO**

Jackson next attempts to establish general jurisdiction over GEO by relying upon the provisions of the District of Columbia code which govern service upon foreign corporations. Section 13-334 provides that if a foreign corporation is doing business in the District of Columbia, a plaintiff may subject the foreign corporation to the jurisdiction of the District of Columbia's courts by serving the foreign corporation in the manner specified in the statute. D.C. Code § 13-334. However, regardless of whether GEO is "doing business" in the District of Columbia, § 13-334 does not apply because the GEO Defendants were not served in the manner prescribed by § 13-334. Therefore, § 13-344 cannot form the basis of this Court's jurisdiction over the GEO Defendants. *See Gowens*, 132 F. Supp. 2d at 42. Thus, GEO's Motion to Dismiss should be granted.

**IV.    PLAINTIFF'S PROPOSED AMENDMENTS TO HIS COMPLAINT FAIL TO ESTABLISH JURISDICTION OVER THE GEO DEFENDANTS**

Since the GEO Defendants filed their Motion to Dismiss, Jackson has filed a Motion to Amend his complaint to add a claim of conspiracy. This amendment appears to be an attempt to create jurisdiction in the District of Columbia where it otherwise does not exist. Jackson relies

upon (1) the jurisdiction provision of 28 U.S.C. § 1391(e); and (2) a conspiracy to violate Jackson's Fourth and Fifth Amendment Rights. Both of these claims fail to establish jurisdiction over the GEO Defendants.

Jackson's reliance upon 28 U.S.C. § 1391(e) is misplaced. Section 1391 discusses venue for civil action involving the United States, not jurisdiction. In any event, as indicated in Defendants Memorandum in Support, although this action involves a federal agency and an agent thereof, thus implicating 28 U.S.C. § 1391(e), Jackson must still establish that GEO and the Rivers Defendants are subject to venue provisions "as would be applicable if the United States or one of its officers, employees, or agencies were not a party." 28 U.S.C. § 1391(e).

Additionally, Jackson's allegation of conspiracy cannot form the basis for jurisdiction over the GEO defendants because Jackson's alleged injury occurred outside the District of Columbia. The District of Columbia long-arm statute provides for jurisdiction over defendants who commit acts or omissions outside the District of Columbia which "[cause] tortious injury in the District of Columbia." D.C. Code § 13-423(4). In this case, Jackson's alleged injury occurred in North Carolina and cannot form the basis for this' Court's jurisdiction over the GEO Defendants. *See Zakiya v. United States*, 267 F. Supp. 2d 47, 51-54 (D. D.C. 2003); *Deutsch v. United States Department of Justice*, 881 F. Supp. 49, 51 (D. D.C. 1995); *Pollack v. Meese*, 737 F. Supp. 663, 666 (D. D.C. 1990); *Dorman v. Thornburgh*, 740 F. Supp. 875, 877-78 (D. D.C. 1990); *Delgado v. Federal Bureau of Prisons*, 727 F. Supp. 24, 27 (D. D.C. 1989). Thus, the GEO Defendants' Motion to Dismiss should be granted.

## CONCLUSION

Based upon the foregoing arguments and authorities, Defendants GEO, Snyder, Farmer, Johnson and Hardy's Motion to Dismiss should be granted.

This the 3rd day of June, 2008.

                                                Respectfully submitted,

                                                /s/ Deborah J. Israel
Deborah J. Israel (DC Bar No. 430841)
Womble Carlyle Sandridge & Rice, PLLC
1401 Eye Street, NW, 7th Floor
Washington, DC 20005
(202) 857-4466
*Counsel for GEO and the Rivers Defendants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 3, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a copy to the following:

Fred Elmore Haynes, Esquire
United States Attorney's Office
555 4th Street, NW
Room E – 4110
Washington, DC  20530
fred.haynes@usdoj.gov
*Attorneys for Defendants Federal Bureau of Prisons
and J. E. Harrell*

It is further certified that on June 3, 2008, a copy was served upon the following non-CM/ECF participant by placing said copy in a postage paid envelope and addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and its contents in the United States Mail, First Class.

Ainsworth C. Jackson
# 19728-101
Rivers Correctional Institution
P. O. Box 630
Winton, NC  27986
*Pro Se Plaintiff*

          /s/ Deborah J. Israel
          Deborah J. Israel