UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUN 2 3 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AINSWORTH C. JACKSON, :
           :
     Plaintiff, :
           :
           :
           :
           :
     v.    :
           :
           : Civil Action No. 1:08-cv-00408(RWR)
FEDERAL BUREAU OF PRISONS, :
et. al. Defendants. :
           :
.........................:

## MOTION FOR SUMMARY JUDGMENT

Comes now the plaintiff, Ainsworth C. Jackson, pro se, and moves this honorable court pursuant to Rule 56 of the Federal Rules of Civil Procedure, for a "Order" granting "Summary Judgment" against the Federal Bureau of Prisons, and the GEO /Rivers defendants and grounds asserts the following.

1. It is undisputed and defendant GEO Group, Inc., has admitted tha it is a corporation organized under the District of Columbia law, maintaining a principal place of business in the District of Columbia.

2. It is undisputed and the Federal Bureau of Prisons and the GEO/Rivers defendants have admitted that they violated plaintiff's "Fourth Amendment Rights" against "Illegal Searches & Seizures" by forcing plaintiff to provide a DNA sample for inclusion into the "Combined DNA Index System (CODIS) on January

31, 2008.

3. It is undisputed and the Federal Bureau of Prisons and the GEO/Rivers have admitted that they conpired with each other to deny plaintiff's "Fourth Amendment Rights" against Illegal Searches & Seizures," when they forced plaintiff to provide them with a DNA sample for the inclusion into the "Combined DNA Index System (CODIS) on January 31, 2008.

4. It is undisputed and the Federal Bureau of Prisons and the GEO/Rivers defendants have admitted that they conspired with each other to deny plaintiff "Due Process" when some unknown Federal Bureau of Prisons employee signed the J.E. Harrell, Administrative Remedy Coordinator for the Privatization Management Branch, rejecting plaintiff's "Administrative Remedies" which were contesting that plaintiff had to provide a DNA sample for the inclusion into the "Combined DNA Index System (CODIS).

5. It is undisputed and the Federal Bureau of Prisons and the GEO/Rivers defendants have admitted that they conspired with each other to violate the "Privacy Act" request of plaintiff.

6. It is undisputed and the Federal Bureau of Prisons and the GEO/Rivers defendants have admitted that they conspired with each other and used erroneous and inaccurate information to base their decision on forcing plaintiff to provide a DNA sample.

**ARGUMENT**

The entry of summary judgment is appropriate when the "plead-

ings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Fed.R.Civ.P. Thus, the role of summary judgment among the array of pretrial devices is to "pierce the boilerplate of the pleadings, and assay the parties' proof in order to determine whether trial is actually required. Wynne v. Univ. Sch. of Med., 976 F.2d 791, 794 (1st Cir. 1992). Among the guidelines to be followed by the court in assaying the summary judgment record is "to interpret the record in the light most hospitable to the nonmoving party, reconciling all competing inferences in that party's favor." McIntosh v. Antoniono, 71 F.3d 29, 33 (1st Cir. 1995). "Nonetheless, a party contesting summary judgment must offer the court more than posturing and conclusory rhetoric."

Moreover, summary judgment may be appropriate "]e]ven in cases where elusive concepts such as motive or intent are at issue, . . . if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation.' Woods v. Friction Materials, Inc., 30 F.3d 255, 259 (1st Cir. 1994).

Summary judgment can be granted only if there is no genuine issue of material fact remaining and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 106 S.Ct. 2505, 2511

(1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

Plaintiff asserts that cases like this one, where the defendants have not disputed that they violated plaintiff's "Fourth Amendment Rights" against an "Illegal Search & Seizure" by forcing plaintiff to provide a DNA sample for inclusion into the "Combined DNA Index System (CODIS), establish that there are no genuine issues of material fact in dispute and that the contested issues are purely legal ones, is especially appropriate for summary judgment. Plaintiff asserts that forcing him to provide a DNA sample is plaintiff's issue, and the defendants have admitted that they did in fact violate plaintiff's "Fourth Amendment Rights" by forcing him to provide them with a DNA sample, when none of plaintiff's criminal convictions were "qualifying federal offenses" which mandated that plaintiff had to provide a DNA sample.

WHEREFORE, in light of the aforementioned, plaintiff respectfully moves this honorable court to grant his "Motion For Summary Judgment" against the Federal Bureau of Prisons and the GEO/Rivers Defendants and the relief which plaintiff seeks.

                                      Respectfully Submitted,

                                      */s/ Ainsworth C. Jackson*
                                      Ainsworth C. Jackson
                                      Reg. No. 19728-101
                                      Rivers Correctional Institution
                                      P.O. Box 630
                                      Winton, NC 27986

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Motion For Summary Judgment" with accompanying "Affidavit" in support has been mailed to:

1.  Deborah J. Israel, Esq.
    Womble Carlyle Sandridge & Rice, PLLC
    1401 Eye Street, N.W., 7th Floor
    Washington, D.C. 20005
    Attorney for GEO & Rivers Defendants

2.  Fred E. Haynes, AUSA
    555 4th Street, N.W., Room E-4110
    Washington, D.C. 20530
    Attorney for the Federal Defendants

this **19th** day of **June 2008**.

_____
Ainsworth C. Jackson

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,           :
    Plaintiff,              :
                            :
                            :
v.                              :
                            :  Civil Action No. 1:08-cv-00408(RWR)
FEDERAL BUREAU OF PRISONS,      :
et. al.  Defendants.            :
................................:

## A F F I D A V I T

I, Ainsworth C. Jackson, affiant, deposes and say that the statements made herein are made under the penalty of perjury.

1. Affiant avers that he does not have a "qualifying offense" as determined under subsection (d) of 42 U.S.C. § 14135a(a)(1) of the DNA Backlog Elimination Act of 2000, that required affiant to provide a DNA sample to the Director of the Federal Bureau of Prisons, his employees, officers, or agents, on January 31, 2008.

2. Affiant avers that the charge of "Interstate Transportation of Securities Taken By Fraud" is not a "qualifying federal offense" as determined under subsection (d) of 42 U.S.C. § 14135(a)(1) that required affiant to provide a DNA sample to the Director of the Federal Bureau of Prisons, his officers, agents or employees, on January 31, 2008.

3. Affiant avers that on June 4, 2007, affiant responded to defendant George Snyder's letter dated May 31, 2007, and informed defendant Snyder that the crime "Interstate Transportation of Securities Taken By Fraud" was not a "qualifying federal offense" as determined under subsection (d) of 42 U.S.C. § 14135a(a)(1) that required affiant to provide a DNA sample to Rivers employees, and defendant George Snyder never responded to dispute this fact (See Affiant's Exhibit D, Motion In Opposition).

4. Affiant avers that Federal Bureau of Prisons Policy Statement #5800.11, pages 19 & 20, ¶c, allows affiant to challenge the accuracy of the information (See Affiant's Exhibit B, Motion In Opposition) contained in affiant's "Inmate Central File."

5. Affiant avers that on two (2) occasions, he (See affiant's Exhibits B-1 & B-2) challenged the accuracy of the information contained in his "Inmate Central File" which stated that affiant had a crime of violence which required affiant to provide a DNA sample, to the Administrative Remedy Coordinator of the Federal Bureau of Prisons Privatization Management Branch, once in July of 2007, and once in September 2007, and both times, affiant's request were rejected by a J.E. Harrell, listed as the "Administrative Remedy Coordinator.

6. Affiant avers that the Federal Bureau of Prisons defendant has stated in their response that J.E. Harrell died in the year 2000.

7. AFfiant avers that the Federal Bureau of Prisons and the GEO/Rivers defendants violated affiant's "Fourth Amendment Rights" against "Illegal Searches & Seizures" when they forced affiant

-2-

to provide a DNA sample for the "inclusion" into the "Combined DNA INdex System (CODIS) on January 31, 2008, when affiant did not have any "qualifying federal offense" that mandated the taking of a DNA sample by these defendants.

8. Affiant avers that the Federal Bureau of Prisons and the GEO/Rivers defendants violated affiant's "Fifth Amendment Rights" to "Due Process."

_____
Ainsworth C. Jackson

Subscribed to and Sworn Before me this 19th day of June 2008.
2008.

_____
Notary Public

Rita C. Williams
Notary Public
Pasquotank County, NC
My Commission Expires 4/1/09

-3-