```
               UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF COLUMBIA

AINSWORTH C. JACKSON,          )
                               )
          Plaintiff,           )
                               )
     v.                        )   Civ. No. 08-00408 RWR
                               )
FEDERAL BUREAU OF              )
PRISONS, et al.,               )
                               )
          Defendants.          )
```

REPLY MEMORANDUM IN SUPPORT OF THE FEDERAL
BUREAU OF PRISON'S MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

Plaintiff has opposed the dispositive motion filed by the Federal Bureau of Prisons (BOP). As we explain below, the arguments advanced by plaintiff are not meritorious.

Plaintiff does not dispute that in 1987 the Department of Justice published a regulation exempting certain BOP records from the amendment provision of the Privacy Act, 5 U.S.C. §552a(d)(2), an exemption that covers the inmate central record system, and that the Department of Justice in 2002 published a regulation also exempting certain of BOP's record systems, including the inmate central record system, from the accuracy provision of the Privacy Act, § 552a(e)(5). <u>See</u> 28 C.F.R. § 16.97. As explained in the memorandum in support of BOP's dispositive motion, a prisoner's pre-sentence investigation report is maintained in the inmate central record system. The effect of these regulations is to bar a Privacy Act amendment or damages action based on alleged errors in a pre-sentence investigation report.

Plaintiff's response to this is to note that the regulation exempting the inmate central record system from a Privacy Act damages action contains a provision that allows BOP to waive the exemption totally or partially.  28 C.F.R. § 16.97(d).  Plaintiff then asserts that exemption of the inmate central record system from a damages action was waived by BOP's promulgation of its Program Statement 5800.11, a copy of which is attached to plaintiff's memorandum in opposition to the dispositive motion.  The Program Statement includes an administrative procedure for inmates to follow if they believe that information in their inmate central record system is inaccurate.  Program Statement 5800.11, pages 19-20.

There are at least two problems with plaintiff's argument.  The first is that the Program Statement was adopted in 1997 (see the attachment to plaintiff's memorandum), before the exemption was adopted.  It makes no sense to adopt an exemption in 2002 if a pre-existing program statement is construed automatically to waive the exemption.  Additionally, our Court of Appeals has stated that a waiver by BOP of the exemptions to the Privacy Act must be express.  <u>Martinez v. Bureau of Prisons</u>, 444 F.3d 620, 624 (D.C. Cir. 2006).  At most, plaintiff can argue only that there is an implied waiver of the exemption based on the program statement.  This is legally insufficient.

Plaintiff's second argument is that BOP is incorrect in its

statement that plaintiff's conviction for the interstate transportation of securities taken by fraud, 18 U.S.C. § 2314, is an offense that qualifies for DNA collection.  Plaintiff then cites language in 42 U.S.C. § 14135a that restricts DNA collection to a narrow range of cases that do not include the interstate transportation of securities taken by fraud.  The problem with this argument is that plaintiff is relying on an out-of-date copy of § 14135a.  The statute was amended in 2004 to include in the DNA collection process all individuals convicted of a felony.  Since plaintiff's DNA was collected in January 2008, <u>see</u> Complaint at 3, it is covered by the amended statute.

As to the other arguments made by plaintiff, defendant BOP stands on the legal analysis contained in the memorandum in support of its dispositive motion. For the reasons set forth there and above, BOP's motion should be granted.

                                      Respectfully submitted,

                                      JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney
      /s/
FRED E. HAYNES, DC Bar #165654
Assistant United States Attorney
555 4th Street, N.W., Room E-4110
Washington, D.C. 20530
202.514.7201

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that on this 26th day of June, 2008, a copy of the foregoing reply memorandum in support of defendant Bureau of Prisons' motion to dismiss or, in the alternative, for summary judgment was served by first-class mail, postage prepaid, on:

> Mr. Ainsworth C. Jackson
> Reg. No. 19728-101
> Rivers Correctional Institution
> P.O. Box 630
> Winton, NC 27986

> /s/
> FRED E. HAYNES, D.C. Bar #165654
> Assistant United States Attorney
> 555 Fourth Street, N.W., Rm. E-4110
> Washington, D.C.  20530
> (202) 514-7201