UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**RECEIVED**

JUL - 7 2008

AINSWORTH C. JACKSON,     :

      Plaintiff,       :

                    :

                    :

      v.                  :

                    :

                    : Civil Action No. 1:08-cv-00408(RWR)

FEDERAL BUREAU OF PRISONS,  :

et. al., Defendants.      :

                    :

. . . . . . . . . . . . . . . . . . . . . . . . . :

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

## TRAVERSE TO FEDERAL BUREAU OF PRISONS
## REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

     In response to the defendant Federal Bureau of Prisons "Reply Memorandum" plaintiff asserts that it is "patently frivolous" and "without merit" based on the following.

     The Federal Bureau of Prisons defendant has contested plaintiff's use of Bureau of Prisons Policy Statement #5800.11, pages 19 & 20, ¶c, but in their own initial "Motion To Dismiss or in the alternative, for Summary Judgment," they have given this Court "Judicial Notice" of the contested "Program Statement #5800.11" in their "Statement Of Material Facts As To Which There is No Genuine Issue, page 2, ¶8," by directing this Court to review BOP Policy Statement #5800.11 at "http://www.bop.gov/ policy/progstat/5800_011.pdf, at 5," to support their "Motion To Dismiss and or For Summary Judgment," which clearly contradicts their present position in their "Reply Memorandum." According to the Federal Bureau Prisons defendant, BOP Policy Statement

#5800.11 is presently being used by defendant Federal Bureau of Prisons and is currently still in existence and available to all prisoners in the custody of the Federal Bureau of Prisons to use, which allows plaintiff the right to challenge the accuracy of the information contained in his "Inmate Central File," and have it corrected, etc., thus, waiving any exemption to this portion of plaintiff's file.

2. Plaintiff asserts that defendant Federal Bureau of Prisons has misquoted the case Martinez v. Bureau of Prisons, 444 F.3d 620 (D.C. Cir. 2006) based on the fact that in the Martinez case, the U.S. Court of Appeals for the D.C. Circuit stated the following at 624:

> "Even if it had waived the exemption, the record shows that the BOP provided a reasonable explanation for its refusal to correct its records as appellant requested. The BOP contacted the USPC and the USPO and was advised that the BOP's records regarding appellant were accurate."

Here in the present case, the defendant Federal Bureau of Prisons contacted no one to determine whether the information which plaintiff was challenging was accurate nor did they give plaintiff any explanation for their refusal to do so.

3. Finally, the defendant, Federal Bureau of Prisons has made a "bald accusation" that plaintiff has cited and is relying on an "out-of-date copy of § 14135a." Plaintiff asserts to the contrary, plaintiff is relying on the amended 2006 version of § 14135a(a)(1)(B), Pub.L. 109-162, title X, § 1004(a), Jan. 5, 2006, 119 Stat. 3085; Pub.L. 109-248, Title I, § 155, July 27, 2006, 120 Stat. 611) which reads as follows:

-2-

(B) The Director of the Bureau of Prisons shall collect a DNA sample from each individual in the custody of the Bureau of Prisons who is, or has been, convicted of a qualifying FEderal offense (as determined under subsection (d) of this section) or a qualifying military offense, as determined under section 1565 of Title 10.

Plaintiff asserts that based on the following, there are no material facts as to which there is a "genuine issue" that the federal defendant has presented to this court which requires a trial, and because both defendants have admitted to violating plaintiff's constitutional rights, plaintiff moves this honorable court to issue an appropriate order which grants him "Summary Judgment."

Respectfully Submitted,

Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing "Traverse" has been mailed to the following:

1. Deborah J. Israel, Esq.
   Womble Carlyle Sandridge & Rice, PLLC
   1401 Eye Street, N.W., 7th Floor
   Washington, D.C. 20005

2. Fred E. Haynes, AUSA
   555 4th Street, N.W., Room E-4110
   Washington, D.C. 20530

Pursuant to 28 U.S.C.A § 1746, plaintiff declares under the penalty of perjury that the statements made herein are true

and correct.

**Executed on this <u>1st</u> day of <u>July 2008.</u>**

<u>Ainsworth C. Jackson</u>