UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RECEIVED
JUL 21 2008
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

AINSWORTH C. JACKSON,

    Plaintiff,

v.

    Civil Action No. 1:08-cv-00408(RWR)

FEDERAL BUREAU OF PRISONS,

et. al., Defendants.

## REPLY MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIDAVIT IN SUPPORT

The defendants named herein have alleged that plaintiff has failed to establish that there are no genuine issues of material fact which show that they have violated plaintiff's "Fifth Amendment rights," the "Privacy Act, the Administrative Procedures Act, and the Accardi Doctrine."

Plaintiff asserts that contrary to these statements made by the defendants, just recently, on July 10, 2008, to further their acts to violate plaintiff's "Privacy Act and Fifth Amendment rights," defendant K. H. Johnson conspired with fellow employee, John White, "Inmate Systems Manager" at RCI in Winton, North Carolina, to fabricate and use the same erroneous information in plaintiff's PSI, in ¶43, to continue plaintiff's classification as having a "Past Crime of Violence," for the purpose of using it for the "Notification Requirements" contained in 18 U.S.C. § 4042(B) (See Plaintiff's Reply Exhibit #AA, Program Review, dated July 10, 2008).

Plaintiff asserts that even after the attorneys for both the GEO/Rivers and Federal Bureau of Prisons defendants had conceded and admitted that the information in plaintiff's PSI in ¶43 was inaccurate and erroneous, defendant K. H. Johnson still ignored these conclusions by these learned members of the "Bar" who have far more experience than defendant K. H. Johnson has in the area of law. Defendant K. H. Johnson has therefore embarked on a personal vendetta against plaintiff based on these new developments and actions by her and her total disregard for the law, or the contract between defendants GEO/Rivers and the Federal Bureau of Prisons which stipulates in the "Statement of Works, pages 6 & 7, **[See Plaintiff's Exhibit B]** that all GEO/Rivers employees shall comply with all local, state, District of Columbia and federal laws, etc., during the pendency of the contract.

Plaintiff asserts that he does not have a "Current or Past Crime of Violence" as has been alleged by defendant K. H. Johnson and Inmate Systems Manager John White, for the purpose of the "Notrification Requirements" contained in 18 U.S.C. § 4042(B), nor is plaintiff's current crime a "Crime of Violence" which requires notification pursuant to 18 U.S.C. § 4042(B).

### ARGUMENT

First, 18 U.S.C. § 4042(b)(1) explains the release notification scheme. Initial notification is only required if a person described in § 4042(b)(3) is to be released on **"supervised release,"** and plaintiff is not being released on supervised

-2-

**release.** The notification requirement ends when the prisoner's entire sentence for the current conviction, including the term of supervision is served.

Second, and more significantly, the language "was convicted of" in § 4042(b)(3) seems implicitly to refer to a single event- the current conviction. **[Plaintiff is serving a parole violation term for the crime of uttering/forgery].** If Congress had intended for more than the current conviction to be scrutinzed, it would have used "words such as 'if the prisoner has been convicted of.'" The "was convicted of" language is also found in § 4042(c)(4).

Finally, plaintiff asserts that the language in § 4042(b)(2) which describes the information the notification must contain, supports his interpretation of § 4042(b)(3). Section 4042(b)(2)(B) requires the disclosure of "the prisoner's criminal history, including a description of the offense of which the prisoner was convicted." Clearly, Congress intended "offense of which the prisoner was convicted" to refer to the current conviction, as it was obviously clarifying that it intended "criminal history" to include the current conviction. No other reading of section 4042(b)(2)(B) is reasonable.

An examination of the statute's text and overall scheme manifest that Congress was only requiring the Bureau of Prisons to notify if the prisoner's <u>**current conviction**</u> was for a **"crime of violence or drug trafficking crime."**

Plaintiff's current conviction is not a **"Crime of Violence nor a drug trafficking crime,"** but for parole violation. The underlying charge for the parole violation was "uttering & forgery," that was imposed on April 14, 1989 in the Superior Court of the District of Columbia, some nineteen years ago. Plaintiff has not been convicted of a new criminal offense since May of 1996.

In sum, based on the aforementioned, plaintiff asserts that these new and continued actions by defendant K. H. Johnson have proved that there are "no genuine issues of material facts" in dispute that the "GEO/Rivers and Federal Bureau of Prisons defendants have violated plaintiff's "Privacy Act, Fifth Amendment rights, the Administrative Procedures Act and the Accardi Doctrine," which prevents this honorable Court from entering "Summary Judgment" in favor of plaintiff and against the herein named defendants.

**WHEREFORE,** in light of the above, plaintiff respectfully request that this honorable Court issues a "Order" granting "Summary Judgment" in his favor, and a "Preliminary Injunction" which enjoins the herein named defendants from their continued use of this "false and erroneous" information which states that plaintiff has a **"Past Crime of Violence."**

Respectfully Submitted,

_____
Ainsworth C. Jackson
Reg. No. 19728-101
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing "Reply Memorandum In Support of Plaintiff's Motion For Summary Judgment and Affidavit In Support" has been mailed this **16th** day of **July 2008**, to:

1. Deborah J. Israel, Esq.
   Womble Carlyle Sandridge & Rice, PLLC
   1401 Eye Street, NW, 7th Floor
   Washington, D.C. 20005
   Attorney for GEO & Rivers Defendants

2. Fred E. Haynes, AUSA
   555 4th Street, N.W., Room E-4110
   Washington, D.C. 20530
   Attorney for the Federal Defendant

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the statements made herein are true and correct and made to the best of my knowledge and belief.

**Executed on this 16th day of July 2008.**

_____
Ainsworth C. Jackson

E X H I B I T  #AA

```
 RIVAR              *      PROGRAM REVIEW REPORT            *     07-03-2008
 PAGE 001                                                         09:37:52

 INSTITUTION: RIV   RIVERS CI

 NAME.......: JACKSON, AINSWORTH CHARLES            REG. NO: 19728-101
 RESIDENCE..: HYATTSVILLE, MD 20710

 TYPE OF REVIEW......: INITIAL CLASSIFICATION/(PROGRAM REVIEW)
 NEXT REVIEW DATE....: NA due to Release date.
 PROJ. RELEASE DATE..: 09-05-2008         RELEASE METHOD.: MAND REL
 PAROLE HEARING DATE.: NONE               HEARING TYPE...: NONE

 DATE OF NEXT CUSTODY REVIEW: NA due     DETAINERS (Y/N): N
                              to Release date.
 CIM STATUS (Y/N)....: N              IF YES, RECONCILED (Y/N): NA

 PENDING CHARGES.....: none.
                                                                    cv. ¥
 OFFENDER IS SUBJECT TO NOTIFICATION UNDER 18 U.S.C. 4042(B) (Y/N)....: ¥/N
                                                    cv
    IF YES - CIRCLE ONE - DRUG TRAFFICKING/(CURRENT VIOLENCE)(PAST VIOLENCE)

 CATEGORY     - - - - - -    CURRENT ASSIGNMENT - - - - - -    EFF DATE    TIME


 CMA          CF REMOVAL      COMMON FARE PROGRAM REMOVAL      02-28-2000   1627

 CMA          PROG RPT        NEXT PROGRESS REPORT DUE DATE    12-17-2008   1125

 CMA          RPP REFUSE      RELEASE PREP PGM REFUSES         07-13-2007   1000

 CMA          V94 COA913      V94 CURR OTHER ON/AFTER 91394    05-31-2007   0916

 CMA          V94 COB913      V94 CURR OTHER BEFORE 91394      10-26-2007   1125

 CMA          V94 PV          V94 PAST VIOLENCE                05-31-2007   0915

 CUS          IN              IN CUSTODY                       05-26-2005   1119

 DRG          DRG I RQ V      DRG INTRV REQD: VIOLATION        10-26-2007   1125

 EDI          ESL HAS         ENGLISH PROFICIENT               12-18-1991   1853

 EDI          GED HAS         COMPLETED GED OR HS DIPLOMA      06-01-1991   0712

 FRP          COMPLT          FINANC RESP-COMPLETED            12-12-2006   1504

 LEV          LOW             SECURITY CLASSIFICATION LOW      07-10-2006   1518

 MDS          REG DUTY        NO MEDICAL RESTR--REGULAR DUTY   06-21-2005   0900

 MDS          YES F/S         CLEARED FOR FOOD SERVICE         06-21-2005   0900

 QTR          B01-216L        HOUSE B/RANGE 01/BED 216L        05-09-2008   1707

 RLG          JEWISH          JEWISH                           10-26-2007   1124

 WRK          B1 5P-9PM       POD ORDERLY 5PM-9PM              05-09-2008   1707

 WORK PERFORMANCE RATING:  Good
```

INCIDENT REPORTS SINCE LAST PROGRAM REVIEW: __None__

FRP PLAN/PROGRESS:   TRUST FUND DEPOSITS PAST 6 MO: $ __387.69__
FRP PAYMENTS PAST 6 MO:  $ __N/A__      OBLG BALANCE: $ __N/A__
CURRENT FRP PLAN: $ __N/A__      PAYMENTS COMMENSURATE: YES ____ / NO __✓__

RIVAR           *        PROGRAM REVIEW REPORT           *     07-03-2008
PAGE 002                                                       09:37:52

IF NO, NEW PAYMENT PLAN: __Frp Complete.__

RELEASE PREPARATION PARTICIPATION: __Refused RPP on 7/13/07.__

CCC RECOMMENDATION: __I/M has been designated to go to Hope Village on 7/22/08__

PROGRESS MADE SINCE LAST REVIEW: __Did not complete wood shop class as directed at last Review.__

GOALS FOR NEXT PROGRAM REVIEW MEETING: __none due to Release__

date of 7/22/08.

LONG TERM GOALS: Complete RRC time successfully after RRC date of 7/22/08 through PRD of 9-5-2008. Obtain suitable employment 1 year after Release date of 9-5-2008.

RIVAR * PROGRAM REVIEW REPORT * 07-03-2008
PAGE 003 OF 003                                    09:37:52

OTHER INMATE REQUESTS/TEAM ACTIONS: Received copy of PPSS. Verified 408. DNA-taken. No psych concerns. J&C Reviewed: No Judicial Recommendations.

_____

_____

_____

_____

_____

SIGNATURES:

CHAIRPERSON: *KHJohnson, UM*   INMATE: x *[signature]*

DATE: 7/10/08   DATE: 7/10/08

```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

AINSWORTH C. JACKSON,

    Plaintiff,

v.

Civil Action No. 1:08-cv-00408(RWR)

FEDERAL BUREAU OF PRISONS,

<u>et</u>. <u>al</u>., Defendants.

## A F F I D A V I T

1. Affiant avers that he is serving a "parole violation term" for the crime of "uttering & forgery," and was convicted of this crime in November of 1988 in the Superior Court of the District of Columbia.

2. Affiant avers that he was sentenced to a term of 2-6 years imprisonment on April 14, 1989 for the charge of "uttering & forgery" that he had been convicted of in November of 1988.

3. Affiant avers that he has never been convicted of a "Crime of Violence, nor a "drug trafficking offense."

4. Affiant avers that he is not currently serving a sentence for a "Crime of Violence or a drug trafficking offense."

5. Affiant avers that the information contained in his PSI in ¶43 is false, inaccurate and erroneous.

6. Affiant avers that on July 10, 2008, at affiant's "Program Review," Ms. C. L. Vann, affiant's Casemanager informed defendant K. H. Johnson that she had spoken with JOhn White, the "Inmate Systems Manager," and that he had informed her that affiant did not meet the set criteria for "Notification" pursuant to 18 U.S.C. § 4042(B).

7. Affiant avers that defendant K. H. Johnson openly stated her disagreement with affiant's Casemanager, MS. C. L. Vann, and disputed the information which John White, Inmate Systems Manager had informed her about regarding that affiant did not meet the requirements for "Notification" pursuant to 18 U.S.C. § 4042(B).

8. Affiant avers that defendant K. H. Johnson instructed affiant's CAsemanager, Ms. C. L. Vann to call Mr. John White, "Inmate Systems Manager," and relate to him her opinion regarding whether affiant met the "Notification" requirements contained in 18 U.S.C. § 4042(B), and let him know that she (defendant K. H. Johnson) was in total disagreement with him. Affiant waited in the hallway for the results of this telephone conversation.

9. Affiant avers that this telephone call to Mr. John White, "Inmate Systems Manager" was made on July 10, 2008, and affiant was informed after this telephone conversation with Mr. John White by Ms. C. L. Vann, that Mr. John White had completely changed his position regarding whether affiant met the "Notification Requirements" pursuant to 18 U.S.C. § 4042(B), and that based on information in affiant's PSI **[which was the erroneous and inaccurate charge in ¶43]** affiant met the "Notification Requirements"

setforth in 18 U.S.C. § 4042(B).

10. Affiant avers that the defendants are continuously using this "false, inaccurate and erroneous" information that affiant has a "Past Crime of Violence" to adversely affect him.

*Ainsworth Jackson*
Ainsworth C. Jackson

Subscribed to and Sworn Before me this 16 day of July 2008 2008.

*Cindy T. Vann*
Notary Public

[Notary Public seal — Hertford County, N.C.]

-3-