```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA
```

|  |  |  |
|---|---|---|
| AINSWORTH C. JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 08-408 (RWR) |
| | ) | |
| FEDERAL BUREAU OF PRISONS *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

### ORDER

The non-federal defendants in this case filed a motion to dismiss the complaint for lack of personal jurisdiction and improper venue. The federal defendants in this case filed a motion to dismiss the complaint or, in the alternative, for summary judgment, arguing a lack of jurisdiction and a failure to state a claim upon which relief may be granted. The plaintiff has already responded to the defendants' motions. Because defendants' motions could potentially dispose of all or part of this case, the Court will advise the *pro se* plaintiff of a plaintiff's obligations under the Federal Rules of Civil Procedure and the rules of this Court. See Fox v. Strickland, 837 F.2d 507 (D.C. Cir. 1988); Neal v. Kelly, 963 F.2d 453, 456 (D.C. Cir. 1992).

The plaintiff's attention is directed to Rule 12(d) of the Federal Rules of Civil Procedure, which states in pertinent part:

-2-

> If, on a motion under Rule 12(b)(6) [asserting the defense of failure of the pleading to state a claim upon which relief can be granted] or 12(c) [seeking judgment on the pleadings], matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.

Fed. R. Civ. P. 12(d).

The plaintiff's attention is also directed to Rule 56 of the Federal Rules of Civil Procedure, which relates to motions for summary judgment and states in pertinent part:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).

> (1) *In General*. A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. If a paper or part of a paper is referred to in an affidavit, a sworn or certified copy must be attached to or served with the affidavit. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits.
>
> (2) *Opposing Party's Obligation to Respond.* When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must -- by affidavits or as

-3-

>        otherwise provided in this rule -- set out
>        specific facts showing a genuine issue for
>        trial.  If the opposing party does not so
>        respond, summary judgment should, if
>        appropriate, be entered against that party.

Fed. R. Civ. P. 56(e).

Motions for summary judgment are also governed by Local Civil Rule 7(h), which provides as follows:

>        Each motion for summary judgment shall be
>        accompanied by a statement of material facts
>        as to which the moving party contends there is
>        no genuine issue, which shall include
>        references to the parts of the record relied
>        on to support the statement.  An opposition to
>        such a motion shall be accompanied by a
>        separate concise statement of genuine issues
>        setting forth all material facts as to which
>        it is contended there exists a genuine issue
>        necessary to be litigated, which shall include
>        references to the parts of the record relied
>        on to support the statement . . . .  In
>        determining a motion for summary judgment, the
>        court may assume that facts identified by the
>        moving party in its statement of material
>        facts are admitted, unless such a fact is
>        controverted in the statement of genuine
>        issues filed in opposition to the motion.

Local Civil Rule 7(h).

In other words, the Court will accept as true any factual assertions contained in affidavits or attachments submitted by the defendants in support of a motion for summary judgment unless the plaintiff submits an affidavit or documentary evidence showing that the defendants' assertions are untrue.  See Neal, 963 F.2d at 456.  Further, the plaintiff's attention is directed to Local Civil Rule 7(b), which states:

-4-

> Within ... such ... time as the court may direct, an opposing party shall serve and file a memorandum of points and authorities in opposition to the motion. If such a memorandum is not filed within the prescribed time, the court may treat the motion as conceded.

Local Civil Rule 7(b).

The Court may treat as fully briefed any motion not opposed following the rules outlined above. Thus, plaintiff's failure to properly controvert any facts properly supported in the defendants' motions carries with it the risk that the facts identified by the defendants will be deemed admitted. Accordingly, it is hereby

ORDERED that plaintiff shall file no later than September 11, 2008, any supplement to his response to the defendants' motions. If plaintiff does not file any supplement by that date, the Court will treat the motions as fully briefed. It is further

ORDERED that in the event that plaintiff files a supplement, the defendants may supplement their replies thereafter within the time allowed by Local Civil Rule 7(d).

SIGNED this 11th day of August, 2008.

                                       /s/
                           RICHARD W. ROBERTS
                           United States District Judge