UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AINSWORTH C. JACKSON,** : | |
| : | |
| **Plaintiff,** : | |
| : | |
| v. : | Civil Action No. 08-408 (RWR) |
| : | |
| **FEDERAL BUREAU OF PRISONS et al.,** : | |
| : | |
| **Defendants.** : | |

**MEMORANDUM OPINION**

Plaintiff Ainsworth C. Jackson, a prisoner under federal sentence when he filed this pro se action, asserts Privacy Act and constitutional claims against the Federal Bureau of Prisons ("BOP"), Geo Group, Inc. ("GEO"), a private corporation under contract with the BOP to provide prison facilities and management, and several individual employees of BOP and GEO in both their official and personal capacities. All parties have filed dispositive motions, which are fully briefed. For the reasons explained below, the complaint will be dismissed.

FACTUAL BACKGROUND

Jackson, convicted on federal felony charges of interstate transportation of securities taken by fraud, *see* Compl., Ex. B. at 11, was imprisoned in Rivers Correctional Institution ("Rivers") at Winton, North Carolina, operated by GEO. The complaint alleges that Jackson's presentence report contains erroneous information about a prior arrest and conviction, that prison authorities at Rivers and the BOP rejected his repeated requests to correct the error. *Id.* at 3-4. On this basis, the complaint asserts claims for damages under the Privacy Act. The complaint also alleges that prison authorities relied on the inaccurate records as a premise to obtain a DNA sample from Jackson in January 2008 for inclusion in the federal Combined DNA Index System.

*Id.* at 4.  On this basis, the complaint asserts claims for alleged violation of the plaintiff's Fourth and Fifth Amendment rights.  By amendment to his complaint, Jackson also alleged a civil conspiracy among the prison authorities to effect the alleged violations.  *See* Pl.'s [Second] Mot. to Amend (May 15, 2008).

The federal defendants have filed a motion to dismiss or, in the alternative, for summary judgment.  The non-federal defendants have moved to dismiss the claims against them for lack of personal jurisdiction.  The plaintiff has moved for summary judgment.

## DISCUSSION

On a motion to dismiss, a pro se complaint is to be liberally construed in favor of the plaintiff.  *Haines v. Kerner,* 404 U.S. 519, 520 (1972).  In determining whether a complaint fails to state a claim upon which relief may be granted, a court generally "must accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus,* 551 U.S. 89, 94 (2007), and "grant plaintiffs the benefit of all inferences that can be derived from the facts alleged," but need not accept either a plaintiff's legal conclusions, or inferences drawn by the plaintiff if those inferences are unsupported by facts alleged in the complaint.  *Kowal v. MCI Communications Corp.,* 16 F.3d 1271, 1276 (D.C. Cir. 1994).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . .  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (internal quotation marks and citations omitted).

A.   Privacy Act Claims

A plaintiff can maintain Privacy Act claims against only federal agencies, and not against any individuals or private corporation. *See* 5 U.S.C. §§ 552a(g)(1) (authorizing suit against a federal agency), § 552a(f)(1) (defining federal agency); *see also Ramirez v. Dep't of Justice,* 594 F. Supp. 2d 58, 61 (D.D.C. 2009) (concluding that individuals are not liable under the Privacy Act). In other words, of all the defendants identified in this suit, only the BOP is subject to a Privacy Act claim. The BOP has, in accordance with the law, *see* 5 U.S.C. § 552a(j)(2), exempted its Inmate Central Records System from certain provisions of the Privacy Act, including the provision that requires it to maintain accurate records or to amend inaccurate records, and from suits arising from inaccurate records. *See* 28 C.F.R. § 16.97(a)(4) (exempting the Inmate Central Records System); *see also Martinez v. BOP,* 444 F.3d 620 (D.C. Cir. 2006) (affirming that the Inmate Central Records System is exempt from the Privacy Act provisions). The record at issue, Jackson's presentence report, is part of the Inmate Central Records System, and therefore, not a record as to which the BOP may be sued. Thus, the Privacy Act claims will be dismissed for failure to state a claim against these defendants upon which relief may be granted.

B.   Constitutional Claims

As an agency of the federal government, the BOP enjoys sovereign immunity from a suit for damages for constitutional violations. *F.D.I.C. v. Mayer*, 510 U.S. 471, 486 (1994). The same is true for federal agents sued in their official capacities, because a suit against a federal agent in his official capacity is the equivalent of a suit against the United States. *Kentucky v. Graham,* 473 U.S. 159, 165-66 (1985). Thus, the constitutional claims against the BOP and any

individual federal agent acting in his official capacity must be dismissed for lack of subject matter jurisdiction. There is also no private right of action for damages against the private corporate entity, GEO, for alleged constitutional violations. *See Correctional Services Corp. v. Malesko,* 534 U.S. 61, 63 (2001) (declining to extend *Bivens v. Six Unknown Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), to allow recovery against a private corporation operating a halfway house under contract with the BOP). Therefore, the constitutional claims against GEO will be dismissed for failure to state a claim upon which relief may be granted.

Individual federal agents are subject to suit in their personal capacities under *Bivens* for damages for certain constitutional violations. The pro se complaint does not suggest a theory of liability for the individual employees of GEO, but if the GEO employees are liable at all for constitutional violations — an issue that is not decided here — it is under the theory that they acted as federal agents. *See United States v. Classic*, 313 U.S. 299, 326 (1941) ("[P]ower possessed by virtue of . . . law and made possible only because the wrongdoer is clothed with the authority of . . . law is action taken 'under color of' . . . law."); *Browning v. Clinton,* 292 F.3d 235, 250 (D.C. Cir. 2002) (stating that a *Bivens* claim must show that defendants acted under color of federal law).

The collection of a sample of plaintiff's DNA is authorized by statute. *See* 42 U.S.C. § 14135a. That law was last amended in 2006, well before the plaintiff was required to provide a DNA sample. The law authorizes the collection of DNA from any person in the custody of the BOP that has been convicted of a felony. *See* 42 U.S.C. § 14135a(a)(1)(B), (d)(1). The record establishes unequivocally that the plaintiff was convicted of a felony and was in the custody of the BOP. Courts have repeatedly found that this statute is not contrary to the constitution. *See*

*Kaemmerling v. Lappin,* 553 F.3d 669, 685-86 (D.C. Cir. 2008) (holding, in part, that the statute does not offend the Fourth Amendment protection against unreasonable search and seizure or the Fifth Amendment Due Process or Equal Protection guarantees); *Johnson v. Quander,* 440 F.3d 489, 498 (D.C. Cir. 2006) (holding that accessing an individual's stored DNA records after the individual has completed his sentence is not a search for Fourth Amendment purposes); *see also United States v. Weikert,* 504 F.3d 1, 18 (1st Cir. 2007) (holding that the statute did not violate Fourth Amendment); *id.* at 8-9 (collecting cases).  Given the facts alleged in the complaint and the law, the plaintiff cannot prevail on his implied *Bivens* claims that his Fourth and Fifth Amendment protections were violated by the collection of his DNA sample or by its continued storage in the national DNA database.  Thus, the plaintiff's constitutional claims against the individual defendants in their personal capacities will also be dismissed for failure to state a claim upon which relief may be granted.  Because the complaint does not state a claim for constitutional violations, it also does not state a claim for conspiracy to violate the plaintiff's constitutional rights, and the conspiracy claim will also be dismissed.

## CONCLUSION

The constitutional claims against the BOP and the official capacity suits against the individual federal agents are barred by sovereign immunity and will be dismissed for lack of subject matter jurisdiction.  All other claims against all other defendants will be dismissed for failure to state a claim upon which relief may be granted.  A separate order accompanies this memorandum opinion.

SIGNED this 28th day of September, 2009.

                                                          /s/
                                      RICHARD W. ROBERTS
                                      United States District Judge